**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

FREDERICK DOUGLAS DIXON, :
          :
    Plaintiff  :
          :  CASE NO. 4:22-CV-00056-CDL-MSH
    VS.    :
          :
WARDEN JONES, *et al.*,  :
          :  Proceedings Under 42 U.S.C. §1983
    Defendants :  Before the U. S. Magistrate Judge
_____

**ORDER**

*Pro se* Plaintiff Frederick Douglas Dixon, a prisoner at Rutledge State Prison in Columbus, Georgia filed a 42 U.S.C. § 1983 action. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 2. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the provision that he pay an initial partial filing fee of $23.50. Furthermore, Plaintiff is **ORDERED** to recast his complaint as instructed below.

**I. REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to prepay the full cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not

in the account, the court must assess an initial partial filing fee based on the assets available. The initial partial filing fee is assessed at twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification[1] shows that he has an average monthly deposit amount of $117.50. ECF No. 3-3 at 1. Twenty percent of his average deposit amount is $23.50. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $23.50.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is

---

[1] Plaintiff filed his complaint (ECF No. 1) and motion to proceed *in forma pauperis* (ECF No. 3) on March 11, 2022. However, the account summary submitted by the Plaintiff was printed three months prior on December 9, 2021. *See* ECF No. 3-3. Therefore, this Court calculated Plaintiff's average monthly deposits going back six months from the December date of Plaintiff's submitted account certification in considering Plaintiff's motion to proceed *in forma pauperis*.

incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

In conclusion, as set forth above, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of **$23.50.** While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf,

3

Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court.  Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## II. INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Here, Plaintiff filed a twenty-four page complaint in which he often refers to his over one hundred pages of exhibits.  *See* ECF No. 1.  His eight named Defendants include a current and former Warden,[2] a former food services director and worker, a counselor, psychiatrist, a Lieutenant, and a corrections officer.  *Id*. at 7-9.  His complaint refers to several unrelated incidents from 2019[3] to the

---

[2]  Wardens and other supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010).

[3]  The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury and for Georgia that is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003).  The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).  Here, Plaintiff complains about events from 2019.  Assuming Plaintiff's claims could pass frivolity review, such claims from more than three years ago may be barred by the two-year statute of limitations.  *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred).

present where he endeavors to raise various claims including but not limited to an equal protection violation, unconstitutional conditions of confinement, tort claim from a slip and fall, due process violation, first amendment violation, deliberate indifference to medical needs, retaliation, failure to protect from inmate attacks, negligence, and so forth. *Id*. at 10-22. Plaintiff's complaint is a lengthy, rambling and often incoherent collection of allegations about unrelated events in which he is consistently fails to link claims to the named Defendants

A Plaintiff may not join unrelated claims and defendants in a single action. A plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp*., 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga*., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

The Court finds that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."  Plaintiff's complaint is a typical shotgun pleading because it asserts multiple, seemingly unrelated claims against numerous defendants.  *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).  Moreover, Plaintiff's complaint is an impermissible shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021)(citing *Weiland*, 792 F.3d. at 1322).

The Eleventh Circuit has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).  The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading.  *See Weiland*, 792 F.3d at 1321-23.  Moreover, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure.  *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010).  Indeed, shotgun

pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has made clear it has "little tolerance for shotgun pleadings," as "[t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

If Plaintiff wishes to proceed then he is now required to submit an amended complaint. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or

related claims that he is pursuing in this action.[4]  It is also recommended that, when drafting

his statement of claims, Plaintiff list numbered responses to the following questions (to the

extent possible) along with the name of each defendant:

(1)      *What* did this defendant do (or not do) to violate your rights?  In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?  Is he a supervisory official? Was the defendant personally involved in the constitutional violation?  If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2)      *When* and *where* did each action occur (to the extent memory allows)?

(3)      *How* were you injured as a result of this defendant's actions or decisions?  If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population.  If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)      *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)      *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant

allegations against the named defendants in this case; he also need not use legal

terminology or cite any specific statute or case law to state a claim, although the Court will

presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise

specified.  *See* Fed. R. Civ. P. 8.  ***The complaint must be no longer than ten (10) pages.***

***Additionally, Plaintiff is not to include any exhibits or attachments.***

---

[4]  Plaintiff must keep in mind that he may include only related claims.  If the Plaintiff wishes to pursue unrelated events then he is advised that these would be separate actions that must be filed in separate Complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above Civil Action number.

Plaintiff is **ORDERED** to file an amended complaint within fourteen (14) days from the date shown on this Order. Plaintiff is cautioned that failure to file the amended complaint on time or failure to follow these instructions will result in dismissal of his complaint. Fed. R Civ. P. 41(b).  Furthermore, if Plaintiff's recast complaint is yet another shotgun pleading, then that recast complaint may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a § 1983 form (with the civil action number on it) along with a copy of this Order.

So **ORDERED and DIRECTED**, this 18th day of March, 2022.


/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE