IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **FREDERICK DOUGLAS DIXON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 4:22-CV-00056-CDL-MSH |
| **VS.** | : | |
| | : | |
| **WARDEN JONES,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

_____

### ORDER

*Pro se* Plaintiff Frederick Douglas Dixon, a prisoner at Rutledge State Prison in Columbus, Georgia filed a 42 U.S.C. § 1983 complaint (ECF No. 1) and an amended complaint (ECF No. 5). Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. On March 18, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $23.50. ECF No. 4. Plaintiff was given fourteen days to pay. *Id*. He was informed that failure to comply may result in dismissal. *Id*. Plaintiff failed to pay the initial partial filing fee within the time allotted. On March 28, 2022, Plaintiff requested additional time to pay the fee. ECF No. 7. On April 8, 2022, the Court granted the Plaintiff an additional fourteen days to pay the fee. ECF No. 8. He was specifically instructed that "Plaintiff must arrange with the appropriate officials at Rutledge State Prison to have the initial partial filing fee forwarded to the Court". *Id*. However, Plaintiff once again did not pay the fee.

Instead on April 15, 2022, Plaintiff filed a pleading in which he attempted to

circumvent his obligation to pay not only the initial partial filing fee but also his continuing obligation to satisfy the full filing fee. ECF No. 9. More specifically, Plaintiff requested to "dismiss his original motion to proceed in forma pauperis and reverse the request to pay the initial partial filing fee of $23.50" and "to credit a $50 administrative fee to said clerk's office for United States District Court Services in this said matter to withdraw payments of 20% from the inmate trust account until the ($50 administrative fee) is paid". *Id*. at 4. Plaintiff's request was denied as contrary to the statutory provisions set forth in 28 U.S.C. § 1915(b). ECF No. 10. Plaintiff was ordered to show cause to the Court why his case should not be dismissed for failure to follow the Court's order to pay the partial initial filing fee. *Id*. Plaintiff was given another fourteen days to respond. *Id*. Once again, Plaintiff did not pay the initial partial filing fee. Instead, Plaintiff filed a request for 45 day extension of time to pay the fee. ECF No. 11. On July 26, 2022, the Court generously granted the Plaintiff another fourteen days to satisfy the fee although the Plaintiff was first ordered to pay the partial initial filing fee on March 18, 2022. ECF No. 13. The Court notified Plaintiff that this would be his last opportunity to comply with this Court's orders and "[s]hould Plaintiff once again fail to pay the $23.50 partial initial filing fee, this action will be dismissed without prejudice". *Id*. Plaintiff has failed to respond or address the fee.

    Because Plaintiff has failed to respond to the Court's orders or otherwise prosecute his case, his complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The

court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED,** this **17th** day of **August, 2022**.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE